| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: **Southern District of New York** |
| Case number (*If known*): _____  Chapter **7** |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy             06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**  STOEVER, GLASS & CO., INC.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  13-2505863

**4. Debtor's address**

Principal place of business:
30 Wall Street
Number   Street
New York   NY   10005
City   State   Zip Code

NEW YORK
County

Mailing address, if different from principal place of business:
Number   Street
City   State   Zip Code

Location of principal assets, if different from principal place of business:
Number   Street
City   State   Zip Code

**5. Debtor's website (URL)**  https://www.stoeverglass.com/

| Debtor | **STOEVER, GLASS & CO., INC.** | Case number *(if known)* |
|---|---|---|
| | Name | |

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify:

**7. Describe debtor's business:**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. Check all that apply:
- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5231**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11. *Check **all** that apply:*
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

Debtor **STOEVER, GLASS & CO., INC.**    Case number *(if known)* _____
       Name

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |
|---|---|---|
|   | If more than 2 cases, attach a separate list. | ☐ Yes. District _____ When __/__/____ Case number _____ |
|   |   | District _____ When __/__/____ Case number _____ |

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No |
|---|---|---|
|   | List all cases. If more than 1, attach a separate list. | ☒ Yes. Debtor **See Schedule 1**    Relationship **Affiliate** |
|   |   | District **SDNY**    When **2/17/2025** |
|   |   | Case number, if known _____ |

| 11. | **Why is the case filed in *this* district?** | Check all that apply: |
|---|---|---|
|   |   | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
|   |   | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No |
|---|---|---|
|   |   | ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
|   |   | **Why does the property need immediate attention?** (Check all that apply.) |
|   |   | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. |
|   |   | What is the hazard? _____ |
|   |   | ☐ It needs to be physically secured or protected from the weather. |
|   |   | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). |
|   |   | ☐ Other _____ |
|   |   | **Where is the property?** _____ |
|   |   |     Number    Street |
|   |   |     City    State    ZIP Code |
|   |   | **Is the property insured?** |
|   |   | ☐ No |
|   |   | ☐ Yes. Insurance agency _____ |
|   |   |       Contact name _____ |
|   |   |       Phone _____ |

| Debtor | **STOEVER, GLASS & CO., INC.** | Case number *(if known)* |
|---|---|---|
| | Name | |

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☒ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☒ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **2/17/2025**
MM / DD / YYYY

X **/s/ Michael Carrigg**               **Michael Carrigg**
Signature of authorized representative of debtor    Printed name

Title   **Authorized Representative**

| Debtor | **STOEVER, GLASS & CO., INC.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**18.   Signature of attorney**

x **/s/ Julie Wlodinguer**          Date **02/172025**
Signature of attorney for debtor                     MM / DD / YYYY

**Julie Wlodinguer**
Printed name

**Reitler Kailas & Rosenblatt LLP**
Firm name

**885 Third Avenue - 20th Floor**
Number        Street

**New York**                              **NY**           **10022**
City                                      State          ZIP Code

**(212) 209-3050**                        **jwlodinguer@reitlerlaw.com**
Contact Phone                             Email address

**4981569**                               **New York**
Bar number                                State

SCHEDULE 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

1. Stoever, Glass & Co., Inc.
2. Stoever Glass Wealth Management, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
|  | : | Chapter 7 |
| In re: | : |  |
|  | : | Case No. 25-_____(____) |
| Stoever, Glass & Co., Inc., | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
|  | : |  |
------------------------------------------------------------ x

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO

## **FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Stoever, Glass & Co., Inc., hereby certifies to the best of its knowledge, information, and belief, that the following parent corporation owns 10% or more of its stock:

Stoever Glass Holding Company, Inc.                    100% Equity Interest Held

**UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF STOEVER, GLASS & CO., INC.**

February 13, 2025

The undersigned, being the sole director of the board of directors (the "**Board**") of Stoever, Glass & Co., Inc., a New York corporation (the "**Company**"), hereby consents and agrees, in accordance with Section 708(b) of the New York Business Corporation Law, to the adoption of the following resolutions:

**WHEREAS**, the Board has reviewed and considered the financial condition of the Company as of the date hereof; and

**WHEREAS**, the Board has received and considered recommendations from management and the Company's legal and financial advisors regarding the advisability of filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

**NOW, THEREFORE, BE IT RESOLVED**, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a voluntary petition (the "**Petition**") be filed under Chapter 7 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Company, acting through Michael Carrigg, Vice President (the "**Authorized Representative**"), is hereby authorized, directed, and empowered to (i) execute, verify, and file the Petition and any ancillary documents with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") at such time and in such form as the Authorized Representative deems necessary or advisable; (ii) make any modifications to the Petition or any ancillary documents as the Authorized Representative deems necessary or appropriate; (iii) review the complete list of creditors of the Company (the "**Creditor Matrix**") and to cause the Creditor Matrix and any related declarations in the form approved by the Authorized Representative to be filed with the Bankruptcy Court; and (iv) make any required filings with the Securities and Exchange Commission and the Financial Industry Regulatory Authority; and it is further

**RESOLVED**, that the Authorized Representative is authorized to engage and retain legal counsel, accountants, and other advisors, including but not limited to Reitler Kailas & Rosenblatt LLP, as the Company's general bankruptcy counsel, to assist in preparing and filing the Petition and related documents; and it is further

**RESOLVED**, that upon the filing of the Petition, the officers of the Company, if any, shall be deemed to have resigned, and the Authorized Representative's duties shall be limited to actions necessary to effectuate the bankruptcy filing and related matters; and it is further

**RESOLVED**, that the Authorized Representative is further authorized and directed to take such additional actions and execute and deliver any documents as may be necessary or appropriate to carry out the intent of the foregoing resolutions, including but not limited to any petitions, schedules, lists, motions, applications, declarations, and other filings related to the bankruptcy proceeding; and it is further

**RESOLVED**, that the execution of any document by the Authorized Representative in furtherance of the matters covered by the foregoing resolutions shall be conclusive evidence of the approval thereof by the Authorized Representative; and it is further

**RESOLVED**, that all actions taken by the Authorized Representative in connection with the matters set forth in these resolutions, whether taken before or after the adoption of this consent, are hereby ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, the undersigned, being the sole director of the Company, has executed this Unanimous Written Consent as of the date first written above.

DocuSigned by:
*Michael Carrigg*
16A1D6CA214C48A...
Michael Carrigg
Sole Director
Stoever, Glass & Co., Inc.

2

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

## Southern District of New York

**In re**

|  |  |
|---|---|
| **Debtor**    **STOEVER, GLASS & CO., INC.** | Case No. _____ <br> Chapter    **7** |

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ............................................................. $ **65,000.00**

   Prior to the filing of this statement I have received ............................................ $ **65,000.00**

   Balance Due ................................................................................................................. $ **0.00**

2. The source of the compensation paid to me was:

   ☒ Debtor      ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☒ Debtor      ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   • **Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;**

   • **Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;**

   • **Representation of the debtor at the meeting of creditors** ~~and confirmation hearing~~**, and any adjourned hearings thereof;**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

   **Representation of the debtor in adversary proceedings and other contested bankruptcy matters.**

---

| Official Form 2030 | **Disclosure of Compensation Of Attorney For Debtor** | page 1 of 2 |
|---|---|---|
| Copyright © Financial Software Solutions, LLC | | BlueStylus |

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| 02/17/2025 | /s/ Julie Wlodinguer |
|---|---|
| *Date* | *Signature of Attorney* |

**Reitler Kailas & Rosenblatt LLP**
**885 Third Avenue - 20th Floor**
**New York**, **NY 10022**
**jwlodinguer@reitlerlaw.com**
*Name of law firm*